UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DICKIE CLAIR OPPEN,<br><br>                    Plaintiff,<br><br>        v.<br><br>JO PHILLIPS and JAMES EDWARDS,<br><br>                    Defendants. | NO:  2:13-CV-5147-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Before the Court is pro se Plaintiff Dickie Clair Oppen's Motion to Voluntarily Dismiss the Complaint Pursuant to Rule 41(a), **ECF No. 35**, and Defendants' Motion for Summary Judgment, **ECF No. 36**.  The Court has reviewed the motions, all other relevant findings, and is fully informed.

## BACKGROUND

Plaintiff Oppen ("Oppen") filed a civil rights complaint under 42 U.S.C. § 1983 in this Court on November 27, 2013.  ECF No. 1.  Following Magistrate Judge John T. Rodgers' order directing Oppen to amend or voluntarily dismiss his complaint, ECF No. 8, Oppen filed his first amended complaint on February 18,

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

2014.  ECF No. 9.  Oppen seeks damages and injunctive relief against Defendants Phillips and Edwards[1] regarding violations of his Eighth and Fourteenth Amendment rights while housed at the Washington State Penitentiary ("WSP").

Oppen is currently housed at the Stafford Creek Corrections Center at 191 Constantine Way in Aberdeen, Washington 98520.  ECF No. 29 at 1.  However, at all times relevant to this action, including the filing of his complaint, ECF No. 1, Oppen resided at the WSP at 1313 N. 13th St. in Walla Walla, Washington 99362.  ECF No. 9 at 2.

The parties agree that Oppen suffers from Guillain-Barre Syndrome ("GBS").  ECF No. 9, Attach. A-1; ECF No. 20 at 3.  Defendant, Dr. James Edwards[2], explains that GBS is "an immune reaction that affects the nervous system causing gradual paralysis."  ECF No. 37-3, Ex. 2 at 2.  Dr. Edwards admits that neuropathic pain may occur in roughly 40-50 percent of patients during the course of GBS.  ECF No. 37-3, Ex. 2 at 3.  Oppen contends that his symptoms include exhaustion, neuro-muscular paralysis, excruciating and constant pain, and

---

[1] The Court granted the parties' stipulated motion to dismiss Defendants Bowman and Rima with prejudice on December 18, 2014.  ECF No. 34.

[2] Dr. Edwards treated Oppen for symptoms of his GBS while housed at WSP between January of 2013 and March of 2014.  ECF No. 37-3, Ex. 2 at 2.

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

muscle spasms in his back, neck, and legs.  ECF No. 1, Attach. B-1.  These symptoms were documented as neuropathic pain.  ECF No. 9, Ex. 2.

Oppen states that from 2001 until 2006, he was treated for the symptoms of his GBS and was subjected to rigorous testing of different medications to discover the most effective medication to manage his pain.  ECF No. 1, Attach. B-1.  On June 7, 2007, Oppen was indefinitely prescribed the drug "Gabapentin"[3] to treat his chronic pain associated with GBS.  ECF No. 9, Ex. 2.

On July 5, 2013, Defendant Jo Phillips, Oppen's treating Physican's Assistant at the WSP, submitted a request for renewal of Oppen's Gabapentin prescription.  ECF No. 37-3, Attach. A.  The DOC Pharmacy & Therapeutics

---

[3] At the time that Oppen was prescribed Gabapentin in 2007, the drug was classified as a "formulary" medication by the Washington State Department of Corrections ("DOC").  ECF No. 37-1 at 4.  A formulary medication may be prescribed whenever medically necessary and did not require further approval for continued use.  ECF No. 37-1 at 4.  On October 5, 2012, the DOC re-classified Gabapentin as a "restricted formulary" drug that required annual review of the patient's eligibility for continued use, with a maximum authorization of one year upon approval of the request for continued use.  ECF No. 37-1 at 23; ECF No. 37-2 at 96.

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

Committee ("P&T Committee")[4], responsible for reviewing all renewal requests, denied the request.  ECF No. 37-3, Attach. A.  The P&T Committee gave the following explanation for the denial of Defendant Phillips' request:

> It is not clear from the neuro consults that the patient has a seizure disorder and/or whether he is still experiencing side effects related specifically to Guillain-Barre, or that the pain is neuropathic in nature. Please begin the taper process for the gabapentin and titrate with a formulary alternative (higher dose of nortriptyline or carbamazepine). Should he fail these options, further alternatives would be submission of NFR for either topiramate (especially if he shows return of seizure activity) or duloxetine.

ECF No. 37-3, Attach. A.

Defendant Phillips' medical notes indicate that she met with Oppen on July 16, 2013, to explain that the P&T Committee denied his Gabapentin renewal request as of July 13, 2013.  ECF No. 37-3, Ex. 3 at 3; ECF No. 37-3, Ex. 3, Attach. C.  Defendant Phillips' report of the meeting indicated that Oppen expressed frustration about the denial to continue Gabapentin and expressed concerns that the suggested alternative drug made him nauseous.  ECF No. 37-3, Ex. 3, Attach. C.  Noting that nausea is not one of the side effects recognized as a bar to using the alternative drug, Nortriptyline, Defendant Phillips began titration

---

[4] "The P&T Committee is a committee of health care practitioners and pharmacists established to manage medication utilization within the Department [of Corrections] in accordance with the Offender Health Plan (OHP)."  ECF No. 37-1 at 3; *see also* ECF No. 37 at 2.

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4

1   as ordered by the P&T Committee.  ECF No. 37-3, Ex. 3 at 4; ECF No. 37-3, Ex.

2   3, Attach. C.

3        Defendant Edwards' records reveal that he met with and examined Oppen on

4   September 3, 2013.  ECF No. 37-3, Ex. 2, Attach. A.  According to his notes,

5   Defendant Edwards acknowledged Oppen's request to resume Gabapentin, but

6   explained to Oppen that because the renewal request had been denied, he must try

7   alternative medication.  ECF No. 37-3, Ex. 2, at 4-5, ECF No. 37-3, Ex. 2, Attach.

8   A.  Oppen agreed to try another alternative medication, venlafaxine.  ECF No. 37-

9   3, Ex. 2, at 4-5, ECF No. 37-3, Ex. 2, Attach. A.

10       In his first amended complaint before the Court, Oppen contends that on

11  July 16, 2013 and September 3, 2013, Defendants Phillips and Edwards,

12  respectively, "terminated [his] prescribed medication, gabapentin, without notice

13  and for no valid reason."  ECF No. 9, Attach. A-2.  Oppen furthers that Defendants

14  "knew that termination of [his] prescribed medication, gabapentin, would cause an

15  immediate increase in pain and deterioration to his health."  ECF No. 9, Attachs.

16  A-2, A-3.  Finally, Oppen argues that Defendants "intentionally terminated [his]

17  prescribed medication, gabapentin, to inflict pain, cause suffering, and to punish

18  [him]."  ECF No. 9, Attachs. A-2, A-3.  Consequently, Oppen alleges that

19  Defendants violated his rights under both the Eighth and Fourteenth Amendments

20  of the United States Constitution.  ECF No. 9, Attachs. A-3, A-4.

21

1    Following a series of denied motions to compel discovery and shift the costs

2    of discoverable materials on the Defendants, Oppen filed a Motion to Voluntarily

3    Dismiss the Complaint Pursuant to Rule 41(a) on January 1, 2015.  ECF No. 35.

4    Oppen moved to dismiss on the ground that he "does not have the monetary funds

5    to pay for the records" sought to prove his case.  ECF No. 35 at 1.  Also on January

6    5, 2015, Defendants filed a Motion for Summary Judgment alleging that: 1) Oppen

7    cannot demonstrate an Eighth Amendment violation by either Defendant, 2) even

8    if the Court finds a constitutional violation, Defendants are entitled to qualified

9    immunity with respect to monetary damages, and 3) Oppen's claims for injunctive

10   relief should be dismissed.  ECF No. 36 at 4-10.

## DISCUSSION

**A. Defendants' Motion for Summary Judgment**

13   The Court must first determine whether summary judgment is warranted.

14   Summary judgment is appropriate when the moving party establishes that there are

15   no genuine issues of material fact and that the movant is entitled to judgment as a

16   matter of law.  Fed. R. Civ. P. 56(a).  If the moving party demonstrates the absence

17   of a genuine issue of material fact, the burden then shifts to the non-moving party

18   to set out specific facts showing a genuine issue for trial.  *Celotex Corp. v. Catrett*,

19   477 U.S. 317, 323-25 (1986).  A genuine issue of material fact exists if sufficient

20   evidence supports the claimed factual dispute, requiring "a jury or judge to resolve

21

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6

1    the parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac.*

2    *Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

3         The evidence presented by both the moving and non-moving parties must be

4    admissible.  Fed. R. Civ. P. 56(e).  Evidence that may be relied upon at the

5    summary judgment stage includes "depositions, documents, electronically stored

6    information, affidavits or declarations, stipulations . . . admissions, [and]

7    interrogatory answers . . . ."  Fed. R. Civ. P. 56(c)(1)(A).  The court will not

8    presume missing facts, and non-specific facts in affidavits are not sufficient to

9    support or undermine a claim.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89

10   (1990).

11        In evaluating a motion for summary judgment, the Court must draw all

12   reasonable inferences in favor of the nonmoving party.  *Dzung Chu v. Oracle*

13   *Corp. (In re Oracle Corp. Secs. Litig.)*, 627 F.3d 376, 387 (9th Cir. 2010) (citing

14   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  However, "when

15   opposing parties tell two different stories, one of which is blatantly contradicted by

16   the record, so that no reasonable jury could believe it, a court should not adopt that

17   version of that facts . . . ."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

18        To state a claim under 42 U.S.C. § 1983, at least two elements must be met:

19   (1) the defendant must be a person acting under color of state law; and (2) his

20   conduct must have deprived the plaintiff of rights, privileges or immunities secured

21   by the Constitution or the laws of the United States.  *See Parratt v. Taylor*, 451

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7

U.S. 527, 535 (1981), overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986).

   i.  *Eighth Amendment Violation*

   The Court must first determine whether there is any genuine dispute of material fact regarding Oppen's Eighth Amendment claims against Defendants Phillips and Edwards.

    "The government has an obligation to provide medical care for those whom it is punishing by incarceration," and failure to meet this obligation can result in an Eighth Amendment violation cognizable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To maintain an Eighth Amendment claim based on medical treatment in prison, the plaintiff must show "deliberate indifference to serious medical needs." *Id.* at 104.

   A "serious medical need" exists if the failure to treat the injury or condition "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*,

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8

763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *McGuckin*, 974 F.2d at 1059-60) (internal quotation marks omitted).

Deliberate indifference to an inmate's serious medical needs may constitute cruel and unusual punishment under the Eighth Amendment if a prison official knows that the inmate "faces a substantial risk of serious harm" and disregards the "risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The official must be both aware of the facts from which an inference of substantial risk of serious harm can be drawn, and the official must actually draw the inference. *Id.* at 837. Deliberate indifference may occur when prison officials "deny, delay, or deliberately interfere with medical treatment." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

However, a showing of cruel and unusual punishment requires more than an ordinary lack of due care for the inmate's interests and health. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Mere medical malpractice, negligence, or an inadvertent failure to provide medical care does not amount to a violation under the Eighth Amendment. *Jett*, 439 F.3d at 1096 (citations omitted). Nor does a difference in medical opinion as to the need to pursue one course of treatment over another, or the difference in opinion between the prison official and the inmate concerning the appropriate treatment, amount to deliberate indifference. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Difference in opinion amounts to deliberate indifference only when the course of treatment chosen is

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 9

"medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk to plaintiff's health." *Id.* (citations omitted). Only conduct characterized by "obduracy and wantonness" amounts to deliberate indifference under the Eighth Amendment. *Albers*, 475 U.S. at 319.

Defendants move for summary judgment on Oppen's Eighth Amendment claim, arguing that there is no genuine issue of material fact as to whether Defendants were deliberately indifferent to Oppen's medical condition. ECF No. 36 at 4. Specifically, Defendants argue that their treatment of Oppen was "consistent with generally accepted medical principles," as Oppen was only temporarily removed from Gabapentin, while Defendants provided alternative pain medications, as instructed by the P&T Committee. ECF No. 36 at 6. Defendants contend that the "continued consultation and treatment" of Oppen's GBS did not amount to deliberate indifference. *Id.* Finally, Defendants argue that Oppen's assertions merely amount to a difference in opinion, not actionable under the Eighth Amendment. *Id.*

Oppen has not responded to Defendants' motion for summary judgment. The Court will therefore analyze Oppen's first amended complaint, ECF No. 9, to determine whether there are genuine issues of material fact. Though the Court must draw all reasonable inferences in favor of Oppen, *In re Oracle Corp. Secs. Litig.*, 627 F.3d at 387, the Court finds that Oppen's assertions are clearly contradicted by the record.

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 10

Defendants concede, and the Court agrees, that Oppen has a serious medical

need.  Expert medical testimony provides that GBS is a serious debilitating

condition that can cause neuropathic pain.  ECF No. 37-3, Ex. 2 at 2-3.  As a result

of his condition, Oppen explains that he suffers excruciating pain that is mitigated

only by particular pain medication.  ECF No. 1, Attach. B-1.  Oppen has been

treated for his GBS symptoms and has experimented with different pain

medications since 2001, a minimum of fourteen years of attempted pain

management.  *Id.* These circumstances establish that Oppen has a serious medical

need eligible for treatment by prison officials under *Jett* and *Colwell*.

However, there is no genuine dispute about whether Defendants denied,

delayed, or acted with deliberate interference in treating Oppen's GBS.

*Hutchinson*, 838 F.2d at 394.  First, Defendants did not deny Oppen medical

treatment, as they both examined and evaluated Oppen with respect to his GBS and

subsequently prescribed and administered pain medication to him.  ECF No. 37-3,

Ex. 3 at 4; ECF No. 37-3, Ex. 2, Attach. A.  Defendants merely followed the orders

of the P&T Committee and worked with Oppen to find a suitable alternative pain

medication.  *Id.*  At most, Defendants denied Oppen's desired medical treatment,

which does not amount to a constitutional violation.  *See Gamble*, 429 U.S. at 103-

104.

Second, Defendants did not delay Oppen's medical treatment.  The record

shows that Defendants prescribed Oppen some form of pain medication during all

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 11

1    relevant times.  ECF No. 37-3, Ex. 3, Attachs. B-C; ECF No. 37-3, Ex. 2, Attach.

2    A.  The record also demonstrates that Defendants engaged in titration and tapering

3    processes to ensure that Oppen was not without any pain medication while the

4    transition between medications took place.  ECF No. 37-3, Ex. 3 at 4; ECF No. 37-

5    3, Ex. 3, Attachs. B-C; ECF No. 37-3, Ex. 2, Attach. A.  This transition and

6    experimentation process, as mandated by the P&T Committee, did not amount to a

7    delay in Oppen's medical treatment under *Farmer*.

8         Furthermore, Oppen does not assert that Defendants delayed in

9    administering pain medication generally, only that they delayed in administering

10   his previously prescribed and preferred medication, Gabapentin.[5]  ECF No. 9,

11   Attach. A-2.  The Eighth Amendment requires that prison officials provide

12   "adequate medical care" to prison inmates, not preferred or desired medical care.

13   *Gamble*, 429 U.S. at 103.  The record is devoid of evidence that Defendants

14   provided delayed or inadequate care due to an "unnecessary and wanton infliction

15   of pain."  *Gamble*, 429 U.S. at 104.  To the contrary, Defendants both counseled

16   Oppen and worked with him to provide an appropriate medication to manage his

17   ─────────────

      [5] By the time Oppen filed his Motion to Voluntarily Dismiss, he states that his

18   Gabapentin prescription has been re-instated.  ECF No. 35-1 at 2.  The DOC

19   records allegedly indicate that the prescription was reinstated on September 9,

20   2014.  ECF No. 37-3, Ex. 2 at 3.

21

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 12

1    pain, without any gap in treatment.  ECF No. 37-3, Ex. 2, Attach. A; ECF No. 37-

2    3, Ex. 3, Attachs. B-C.

3         Third, Defendants did not deliberately interfere with Oppen's medical

4    treatment.  Oppen contends that Defendants terminated his Gabapentin prescription

5    "without notice and for no valid reason."  ECF No. 9, Attach. A-2.  Additionally,

6    Oppen argues that Defendants knew the termination of his prescription would

7    increase his pain and would be detrimental to his health.  *Id.*  Finally, Oppen

8    asserts that Defendants intentionally interfered with his medication as punishment,

9    and with the intent to cause pain and suffering.  *Id.*  The Court addresses each of

10   these arguments in turn.

11        The record contradicts Oppen's contention that Defendants terminated his

12   prescription "without notice and for no valid reason."  Defendant Phillips states

13   that, on July 16, 2013, she notified Oppen that his Gabapentin prescription had

14   been denied by the P&T Committee.  ECF No. 37-3, Ex. 3 at 3-4; ECF No. 37-3,

15   Ex. 3, Attach. C.  Defendant Phillips then explained the reasons for denial and the

16   P&T Committee's plan to experiment with different medications.  *Id.*  Not until

17   after this meeting did Defendant Phillips order titration of the alternative

18   medication.  *Id.*  Defendant Edwards states that he had a similar conversation with

19   Oppen on September 3, 2013, explaining the need to try alternative medication

20   because the Gabapentin renewal request had been denied.  ECF No. 37-3, Ex. 2 at

21

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 13

4-5; ECF No. 37-3, Ex. 2, Attach. A.  There is no evidence that either Defendant terminated Gabapentin without notice or without a valid reason.

Moreover, the record lacks evidence that Defendants knew the termination of Gabapentin would increase Oppen's pain and deteriorate his health or that Defendants intended to cause pain and suffering.  The culpable mental state required for an actionable Eighth Amendment cruel and unusual punishment claim is "wanton and unnecessary infliction of pain."  *Gamble*, 429 U.S. at 104.  Nothing in the record suggests that Defendants terminated Oppen's prescription for any reason other than that they were following the P&T Committee's orders.  ECF No. 37-3, Ex. 2, Attach. A; ECF No. 37-3, Ex. 3, Attachs. B-C.  Furthermore, because Defendants worked with Oppen to find a suitable medication to effectively manage his pain, there is no basis for concluding that Defendants terminated his medication with the knowledge of and intent to cause pain.  *Id.* Though the Court may speculate about the reasons that Defendants experimented with different medications, absent from the record is any evidence that Defendants experimented with Oppen's medication to punish him.

For the reasons stated, the Court concludes that there is no genuine issue of material fact as to Oppen's Eighth Amendment claim.  This claim is dismissed with prejudice.

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 14

*ii.    Fourteenth Amendment Violation*

It is not clear whether Oppen intended to allege an independent Fourteenth Amendment violation, or whether he cited the Fourteenth Amendment because it makes the Eighth Amendment applicable to the states.  In any event, there is no basis for an independent Fourteenth Amendment claim.

Courts apply the same legal standards to a prisoner's claims of inadequate medical care under both the Eighth and Fourteenth Amendments.  *Simmons v. Navajo County, Ariz.*, 609 F.3d 1101, 1017 (9th Cir. 2010) (applying the "deliberate indifference" standard to claims for inadequate medical treatment under both the Eighth and Fourteenth Amendments); *see also Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-43 (2010) (citing *Frost v. Agnos*, 152 F.3d. 1124, 1128 (9th Cir. 1998)).  However, claims under the Amendments differ in that the due process clause protects pretrial detainees, while the cruel and unusual punishment clause protects sentenced inmates.  *Bell v. Wolfish*, 442 U.S. 520, 535 n.16 (1979) (citations omitted).  Because Oppen complains of inadequate medical care while a sentenced inmate at the WSP, Oppen does not have a separate claim for relief under the Fourteenth Amendment.

There is no genuine issue of material fact as to Oppen's Fourteenth Amendment claim.  This claim is dismissed with prejudice.

*iii.    Qualified Immunity and Injunctive and Declaratory Relief*

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 15

1    Defendants argue that they are entitled to qualified immunity with respect to

2    Oppen's claims for monetary damages because they were acting in their official

3    capacity when they treated Oppen's GBS.  However, because the Court concludes

4    that all of Oppen's claims should be dismissed with prejudice, the Court will not

5    address the qualified immunity defense or the requests for relief.

6    **B. Oppen's Motion to Voluntarily Dismiss**

7    Oppen filed a motion to voluntarily dismiss the complaint pursuant to

8    Federal Rule of Civil Procedure 41(a) on January 5, 2015.  ECF No. 35.

9    Under Rule 41(a)(1)(A), a plaintiff may dismiss an action without a court

10   order by either filing a "notice of dismissal before the opposing party serves either

11   an answer or a motion for summary judgment" or by filing a "stipulation of

12   dismissal."  Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). The parties did not stipulate to a

13   dismissal under Rule 41(a)(1)(A)(ii).  However, because Defendants filed an

14   answer to Oppen's amended complaint on June 20, 2014, ECF No. 20, Oppen's

15   motion to voluntarily dismiss his complaint is untimely under Rule 41(a)(1)(A)(i).

16   Alternatively, a plaintiff may seek voluntary dismissal of the action by court

17   order, on terms that the court considers proper.  Fed. R. Civ. P. 41(a)(2).  Unless

18   otherwise stated, the dismissal is without prejudice.  Because the Court finds that

19   summary judgment is proper, the Court need not address Oppen's Motion to

20   Voluntarily Dismiss.  The suit is dismissed with prejudice.

21

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 16

Accordingly, **IT IS HEREBY ORDERED**:

1.      The Defendants' Motion for Summary Judgment, **ECF No. 36**, is **GRANTED.**

2.      The Plaintiff's Motion to Voluntarily Dismiss, **ECF No. 35**, is **DENIED.**

3.      All pending motions are **DENIED AS MOOT**.

4.      All court hearings scheduled, if any, are **STRICKEN**.

The District Court Clerk is directed to enter this Order, enter Judgment accordingly, provide copies to counsel and to pro se Plaintiff, and to **CLOSE** this file.

**DATED** this 12th day of March 2015.


        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        Chief United States District Court Judge

ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 17